IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEPHEN E. LEE, | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. DLB-21-1609 |
| TRACY MODLIN, *et al.*, | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Veteran Stephen E. Lee, proceeding *pro se*, sued Tracy Modlin, Brandon Pippens, Craig Cooke, John Clow, Morris Ricks, Anthony Gibson, and Darnell Davis, federal employees connected to the Department of Veterans Affairs ("VA") and/or the U.S. Department of Housing and Urban Development – Veterans Affairs Supportive Housing ("HUD-VASH") program (collectively, the "U.S. defendants"); the United States of America ("U.S."); and Rasheed Savage. ECF 1.  Lee alleges he received a housing voucher through the HUD-VASH program but was misled by a case worker about the possibility of representation at an important hearing on his entitlement to the voucher.  Following the hearing, Lee's voucher was revoked, and Lee eventually became homeless.  At the conclusion of a nearly two-year investigation by a VA patient advocate into whether Lee in fact had been misled by a VA case worker, Lee made a statement to the investigator that the investigator perceived as a threat, and Lee was arrested and charged with assault.  After his acquittal, he filed this lawsuit.

The Court previously granted the defendants' motion to dismiss several of Lee's claims but denied the motion without prejudice as to his claims for malicious prosecution, wrongful arrest, false imprisonment, and discrimination relating to his discharge from a transitional housing program.  *See* ECF 35 & 36.  In response to that ruling, on June 10, the U.S. moved to substitute

itself for the U.S. defendants, ECF 39, and to dismiss Lee's remaining claims, ECF 40. On June 14, the Court mailed to Lee a notice informing him of the motion to dismiss and warning him that the failure to oppose it adequately could result in the dismissal of his claims. ECF 41. On July 19, Lee filed an opposition to the motion to dismiss. ECF 44. He also moved for an extension of time to file his opposition and for reconsideration of the Court's previous decision to deny him appointed counsel, ECF 42, and moved to amend his complaint to add two additional federal employees, Jonathan Eckman and Lisa Coles, as defendants, ECF 43. On September 1, the U.S. filed an amended motion to substitute, an opposition to Lee's motion for leave to amend, and a reply in support of the motion to dismiss. ECF 47, 48 & 49. On December 19, Lee filed a reply regarding his motion to amend, ECF 51, and a motion repeating the requests he made in ECF 42, ECF 50. No hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the motion to substitute is granted; the motion to dismiss is granted; Lee's motions are denied; and the amended motion to substitute is denied as moot. With Lee's federal claims dismissed, the Court declines to exercise supplemental jurisdiction over any remaining state law claims against Savage.

**I.     Background**

The Court previously summarized Lee's allegations. *See* ECF 35, at 2–6. The Court repeats only those allegations that are relevant to Lee's remaining claims. Lee is a veteran. In January 2018, he was discharged from the HUD-VASH program following a hearing before the Housing Authority of Baltimore City ("HABC"), the public housing authority responsible for administering the program in Lee's area. As a result of his discharge, Lee lost access to HUD-VASH housing vouchers that subsidized his rent, and he became homeless.

Before the HABC hearing, Lee contacted Pippens, a VA social worker, and Pippens instructed Lee that he did not have to inform HABC immediately of certain facts that would make

him ineligible for program assistance. Pippens later told Lee he would attend the HABC hearing to speak about that instruction. Pippens' supervisor, Modlin, refused to allow Pippens to attend the hearing or provide any documentation requested by HABC. In April 2018, Lee contacted Ricks, a VA patient advocate, about Pippens and about Lee's discharge from the HUD-VASH program. During the ensuing investigation, Pippens confirmed to Ricks that he had promised to attend the hearing and had instructed Lee that he was not required to notify HABC immediately of the adverse facts. In September 2019, Ricks made a request with the VA on Lee's behalf, seeking reinstatement of Lee's housing voucher and reimbursement for the months of increased rent payments. Clow, the VA employee who reviewed the request, responded that HABC had discharged Lee for valid reasons.

On October 18, 2019, Lee met with Ricks, presumably to review the results of Ricks' investigation and the request for reinstatement. Lee became upset and angry, and he made a threatening statement. Ricks called the VA police. Lee talked himself down from his anger. The police arrived and interviewed Lee before letting him go with a warning.

From February to November 2019, Lee stayed at the overnight guest services facility at the Helping Up Mission ("HUM"), an overnight shelter for homeless men, at least four nights a week. On August 12, 2019, Lee entered the HUM's VA housing program and received a VA contract bed—a bed reserved for veterans through the HUM's partnership with the Health Care for Homeless Veterans Program ("HCHV"). To be eligible for a VA contract bed, a veteran must meet certain statutory requirements and eligibility criteria. *See* ECF 40-4 (Veterans Health Administration Handbook 1162.09); 38 U.S.C. § 2031(a); 38 C.F.R. § 63.3. On October 21, 2019, HUM staff informed Lee that he had surpassed the 60-day limit for contract bed eligibility pursuant to the agreement between HCHV and HUM and failed to meet other eligibility requirements. Lee

was discharged from the VA housing program later that day.  Lee alleges Ricks and other VA employees contacted HUM employees to have Lee wrongfully evicted from the contract bed.

After his removal from HUM, Lee learned that there was a warrant for his arrest for assault related to the events on October 18.  On November 4, Lee was arrested.  Following his arrest, he lost all his personal property, including clothing, jewelry, and identification.  Lee was acquitted on March 9, 2020.  On March 10, he returned to HUM and was denied housing.  This lawsuit followed.

**II.     Standard of Review**

Under Rule 12(b)(6), a party may seek dismissal for failure "to state a claim upon which relief can be granted."  *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 290 (4th Cir. 2021) (quoting Fed. R. Civ. P. 12(b)(6)).  To survive the challenge, the opposing party must have pleaded facts demonstrating it has a plausible right to relief from the Court.  *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  A plausible claim is more than merely conceivable or speculative.  *See Holloway v. Maryland*, 32 F.4th 293, 299 (4th Cir. 2022).  The allegations must show there is "more than a sheer possibility that the defendant has acted unlawfully."  *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 648 (4th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678)).  But the claim does not need to be probable, and the pleader need not show "that alternative explanations are less likely" than their theory.  *Jesus Christ is the Answer Ministries, Inc. v. Baltimore Cnty.*, 915 F.3d 256, 263 (4th Cir. 2019) (quoting *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015)).

When ruling on a Rule 12(b)(6) motion, the Court must accept the pleaded allegations as true and draw all reasonable inferences in favor of the pleader.  *Williams v. Kincaid*, 45 F.4th 759, 765 (4th Cir. 2022).  But the Court does not accept "legal conclusions couched as facts or

unwarranted inferences, unreasonable conclusions, or arguments." *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 189 (4th Cir. 2022) (quoting *United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013)). Merely reciting a claim's elements "and supporting them by conclusory statements does not meet the required standard." *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 234 (4th Cir. 2021) (quoting *ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 212 (4th Cir. 2019)). The Court "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)).

"[P]ro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe *pro se* pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021). But "liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff[;]'" the Court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a *pro se* complaint "still 'must contain enough facts to state a claim for relief that is plausible on its face.'" *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, at 637 (4th Cir. 2016) (quoting *King v. Rubenstein*, 825 F.3d 206, 212, 214 (4th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

"A motion to dismiss based on lack of subject matter jurisdiction pursuant to Rule 12(b)(1) raises the question of whether the Court has the competence or authority to hear the case." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). "Federal courts are courts of limited jurisdiction[,]" possessing "only that power authorized by Constitution and statute." *Robb Evans*

*& Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).  The plaintiff, as the party asserting jurisdiction, bears the burden of establishing it. *Id.*  When, as here, defendants contest subject matter jurisdiction "by contending that, even assuming that the allegations are true, the complaint fails to set forth facts upon which jurisdiction is proper"—a facial challenge to jurisdiction—the plaintiff "is afforded the same procedural protections as he would receive under a Rule 12(b)(6) consideration[.]" *Durden v. United States*, 736 F.3d 296, 300 (4th Cir. 2013) (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)) (internal quotation marks omitted).  Dismissal for lack of subject matter jurisdiction is proper "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799 (citing *Crosten v. Kamauf*, 932 F. Supp. 676, 679 (D. Md. 1996)).

### III.    Motion to Substitute

Lee brings tort claims against federal employees.  The Federal Tort Claims Act ("FTCA") provides that the exclusive remedy for a tort committed by employees of the U.S. Government is a suit against "the United States."  28 U.S.C. § 2679(b)(1); 28 U.S.C. § 2674.  Federal law authorizes substitution of the U.S. for a federal employee defendant where the Attorney General certifies that the "defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose . . . ."  28 U.S.C. § 2679(d)(1).  "The Attorney General's certification is conclusive unless challenged." *Gutierrez de Martinez v. DEA*, 111 F.3d 1148, 1153 (4th Cir. 1997) (citing *Billings v. United States*, 57 F.3d 797, 800 (9th Cir. 1995)).

The Attorney General has delegated certification authority to the United States Attorneys. 28 C.F.R. § 15.3.  The United States Attorney for the District of Maryland submitted a certification that he has been made aware of the general factual allegations in Lee's complaint, that he has

reviewed a memorandum on the matter, and, on that basis, that the U.S. defendants were acting within the scope of their employment when the incidents giving rise to Lee's claims took place. ECF 39-1. Lee does not challenge the certification. Thus, the certification is conclusive, and the motion to substitute is granted.

## IV. Motion to Dismiss

### A. The Veterans' Judicial Review Act

The Veterans' Judicial Review Act ("VJRA") precludes district court review of VA benefits determinations. 38 U.S.C. § 511(a); *Butler v. United States*, 702 F.3d 749, 752 (4th Cir. 2012). Section 511(a) of the VJRA provides:

> The Secretary [of Veterans Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans . . . . [T]he decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

Courts have interpreted § 511(a) as stripping a district court of jurisdiction over any claim that directly or indirectly seeks review of a VA benefits determination. *See Newcombe v. United States*, 933 F.3d 915, 917 (8th Cir. 2019) (explaining that "[a] district court does not have jurisdiction over any claim that would require it to review a VA benefits determination, even if the claim is not for the benefits themselves."); *Hairston v. DVA, Regional VA Office Martinsburg*, 841 F. App'x 565, 570 (4th Cir. 2021) (unpublished) (holding discrimination claim against VA representatives, "read liberally and fairly understood," was covered by § 511(a) because it required the Court "to determine [the plaintiff's] eligibility for pension benefits"). But the reach of § 511(a) is not without limits, and it does not automatically preclude district court review over all claims asserted alongside a veteran's challenge to a benefits determination. *See Smith v. United States*, 7

7

F.4th 963, 985 (11th Cir. 2021) (discussing § 511(a) and holding it barred only some of the plaintiff's claims).

The Court previously dismissed several of Lee's claims as barred by § 511(a).  *See* ECF 35, at 7–13.  The U.S. argues that one of the remaining claims—alleged discrimination related to Lee's ejection from the HUM's VA housing program—also must be dismissed under § 511(a) because the determination as to whether Lee was eligible for a VA contract bed was, at bottom, made by the VA.  The Court agrees.  Previously, the U.S. did not make clear, and the Court therefore did not know, how the VA housing program at the HUM was related to the VA—for example, whether the VA placed veterans at the HUM or whether the HUM merely reserved some of its beds for veterans.  The additional briefing and evidence provided by the U.S. has clarified things.[1]  Contract beds at the HUM are made available through the HCHV Contracted Residential Services program.  To secure a VA contract bed at the HUM, Lee had to meet the requirements of 38 U.S.C. § 2031(a) and 38 C.F.R. § 63.3, as well as pass medical and psychiatric screening set forth in the Veterans Health Administration Handbook § 1162.09.  *See* ECF 40-3, at 17; ECF 40-4, at 21.  He also had to fulfill other eligibility requirements, including working with VA staff to address housing goals.  ECF 40-4, at 18–21.  It follows, then, that the Court necessarily would have to review the VA's decision to deny Lee a VA contract bed at the HUM to determine whether the denial was impermissible discrimination.  So, even though Lee does not seek direct judicial

---

[1] The relevant evidence, comprising federal regulations and public information from government sources about VA programs, is subject to judicial notice and does not contradict any of Lee's allegations.  Thus, the Court need not convert the motion to dismiss into a motion for summary judgment or hold an evidentiary hearing on the issue of subject matter jurisdiction.  This is not, for example, a case where the U.S. argues the "that the jurisdictional allegations of the complaint [are] not true."  *Cf. Kerns*, 585 F.3d at 192 (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).  Rather, the U.S. now has explained satisfactorily why Lee's allegations fail to establish a basis for subject matter jurisdiction.

review of the VA's benefits determination, he seeks indirect review, which is equally impermissible under § 511(a). The motion to dismiss for lack of jurisdiction is granted as to Lee's discrimination claim.[2]

### B. Federal Tort Claims Act – Non-Law Enforcement Officers

The U.S. argues Lee's claims against the non-law enforcement defendants—every U.S. defendant except Davis—are barred by sovereign immunity. "As a general matter, the United States is immune from suit unless it waives that immunity." *Sanders v. United States*, 937 F.3d 316, 327 (4th Cir. 2019) (quoting *In re KBR, Inc., Burn Pit Litig.*, 744 F.3d 326, 341 (4th Cir. 2014)). The FTCA effects such a waiver, subject to several exceptions. *Id.* (citing 28 U.S.C. § 1346(b)(1) and 28 U.S.C. § 2674). One exception preserves federal immunity as to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights" by federal employees other than "investigative or law enforcement officers of the United States Government[.]" 28 U.S.C. § 2680(h); *see Stoyanov v. Mabus*, Nos. CCB-06-2968, CCB-07-1726, CCB-8-2310, 2010 WL 4918700, at *2 (D. Md. Nov. 24, 2010) ("Because the defendants are not investigative or law enforcement officers, the FTCA's limited waiver of sovereign immunity does not apply to [the plaintiff's] claims arising out of intentional torts."). An "investigative or law enforcement officer" is defined as "any officer of the United States who is empowered to execute searches, to seize evidence, or to make arrests for violations of Federal law." 28 U.S.C. § 2680(h). Only Davis, a detective at the Baltimore VA Medical Center, qualifies as an "investigative or law

---

[2] In his opposition, Lee states that the Court should reconsider its prior ruling dismissing his claims pursuant to the VJRA because the decision to terminate the housing voucher was made by HABC rather than the VA. Lee does not develop this request or offer appropriate grounds for reconsideration.

9

enforcement officer." The others do not. As stated in Lee's complaint, Modlin, Pippens, and Cooke are social workers; Clow is the assistant chief of social work service; Ricks is a patient advocate; and Gibson is a "supervisor / consumer relations." ECF 1, at 3–4. Lee's false imprisonment, false arrest, and malicious prosecution claims that arise from the alleged conduct of Modlin, Pippens, Cooke, Clow, Ricks, and Gibson fall within the § 2680(h) exception to the government's waiver of sovereign immunity. They are dismissed for lack of subject matter jurisdiction.

### C. Federal Tort Claims Act – Detective Davis

The general exception under § 2680(h) to the FTCA's waiver of sovereign immunity for intentional torts committed by federal employees does not extend to certain intentional torts committed by law enforcement officers. The waiver remains in effect "where a claim both arises out of one of the [] six [listed] intentional torts, and is related to the 'acts or omissions' of an 'investigative or law enforcement officer.'" *Millbrook v. United States*, 569 U.S. 50, 54–55 (2013). Under this provision, Davis is a federal law enforcement officer whose actions may subject the U.S. to suit. But Section 2680(h) is only part of the equation. A plaintiff still must satisfy the requirements of 28 U.S.C. § 1346(b), the waiver provision cross-referenced in § 2680(h). Section 1346(b) waives immunity for claims that are

> [1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*FDIC v. Meyer*, 510 U.S. 471, 477 (1994) (quoting 28 U.S.C. § 1346(b)). The U.S. challenges Lee's ability to satisfy the last requirement. It argues that Lee does not allege the necessary elements for false arrest, false imprisonment, and malicious prosecution with respect to Davis.

10

Because the alleged torts took place in Baltimore, the Court applies Maryland substantive law. *Unus v. Kane*, 565 F.3d 103, 117 (4th Cir. 2009) (citing 28 U.S.C. § 1346(b)).

In Maryland, to prove false arrest and false imprisonment, the elements of which are identical, the plaintiff must show "(1) the deprivation of the liberty of another; (2) without consent; and (3) without legal justification." *Heron v. Strader*, 761 A.2d 56, 59 (Md. 2000). The third element is "judged by the principles applicable to the law of arrest" and ordinarily depends "upon whether or not the officer acted within his legal authority to arrest." *Id.* (quoting *Montgomery Ward v. Wilson*, 664 A.2d 916, 926 (Md. 1995)). The elements of malicious prosecution, meanwhile, are "(1) a criminal proceeding instituted or continued by the defendant against the plaintiff; (2) without probable cause; (3) with malice, or with a motive other than to bring the offender to justice; and (4) termination of the proceedings in favor of the plaintiff." *Id.* (citing *DiPino v. Davis*, 729 A.2d 354, 373 (Md. 1999)).

> At the motion to dismiss stage, the mere assertion that an act was done maliciously, or without just cause, or illegally, . . . or for improper motive is not sufficient. Rather . . . the plaintiff must allege with some clarity and precision those facts which make the act malicious.

*Marks v. Dann*, No. DKC-13-347, 2013 WL 8292331, at *10 (D. Md. July 24, 2013) (quoting *Manders v. Brown*, 643 A.2d 931, 943 (Md. Ct. Spec. App. 1994)) (internal quotation marks omitted).

Lee does not allege facts that suggest Davis acted outside his legal authority or with malice. Lee's only allegations about Davis concern a phone conversation between the two men after Lee learned about the warrant for his arrest. ECF 1-9, at 1; ECF 26, at 2. During this call, Lee expressed his frustration and asked what the warrant was for. Lee alleges only that Davis ignored

him and said that Ricks had a right to seek a warrant for Lee's arrest.  From these allegations, the Court is unable to infer that Davis acted with malice or outside his legal authority.[3]

Lee's claims of false imprisonment, false arrest, and malicious prosecution arising out of Davis' conduct are dismissed.[4]

## V.     Claims Against Rasheed Savage

Lee also named as a defendant Rasheed Savage, a program manager at the HUM.  Savage has not responded to the complaint.  Lee does not specify in his complaint which of his claims are against Savage, and the Court cannot tell with certainty from Lee's allegations or other filings what the claims may be.  The discrimination claim seems the most likely candidate, as it concerns a HUM contract bed.  But Lee previously moved for an entry of default against Savage and requested $3,500 in damages to compensate for four watches and other possessions allegedly stolen after a HUM employee gave Lee's backpack to the wrong person.  ECF 27.  The theft occurred while Lee was staying at the HUM "as a paid overnight guest," after his eviction from the VA contract bed.  *Id.*  These damages do not appear to arise out of any of Lee's identified claims.  The Court noted the uncertainty about Lee's claims against Savage in its opinion resolving the previous motion to dismiss.  *See* ECF 35, at 6 n.2.  Lee did not explain further his claims against Savage in any of his subsequent filings.

---

[3] Lee argues in his opposition that Davis did not investigate other witnesses to the October 18 interaction, an investigation that Lee claims would have revealed the only other witness did not fear for her life based on Lee's statements.  An opposition is not part of a complaint, and the Court may not consider it on a motion to dismiss.  Moreover, Davis' alleged failure to investigate does not plausibly suggest he acted with malice or outside the scope of his authority.

[4] The U.S. argues in the alternative that the claims arising out of Davis' conduct are barred by the discretionary function exception to the FTCA.  Because the Court concludes that Lee has failed to state a claim regarding Davis, it does not reach this argument.

In any event, Savage is not a federal employee. He cannot, therefore, be sued under the FTCA or *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)—the only bases for federal question jurisdiction that Lee identifies. The Court declines to exercise supplemental jurisdiction over any remaining state law claims against Savage. *See* 28 U.S.C. § 1367(c)(3).

The complaint is dismissed.

### VI. Motion for Leave to Amend

Lee requests leave to amend his complaint. He seeks to add as defendants Eckman and Coles, two federal employees who submitted declarations in support of the motion to dismiss. He asserts that, "by stating that [the other U.S. defendants] acted within the scope of their duties and did nothing wrong[,]" Eckman and Coles endorsed the "malicious acts" committed against him. ECF 43, at 1. Lee also supplements his factual allegations, adding details about his eviction from the HUM and previous incidents where "VA security were called regarding" his behavior. *Id.* at 3–5. In its opposition to Lee's request to amend, the U.S. argues that Lee's request fails to comply with Federal Rule of Civil Procedure 15 and Local Rule 103.6, and that amendment is futile because the case would not survive dismissal even with the proposed amendments. The Court agrees.

Pursuant to Rule 15, courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "A motion to amend should only be denied when 'the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 217–18 (4th Cir. 2019) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). Local Rule 103.6 requires parties to provide

13

"the original of the proposed amended pleading" alongside any motion requesting leave to file an amended pleading and to serve a copy of the amended pleading tracking the proposed amendments.

Lee's proposed amended complaint does not contain all his claims and allegations. It appears to be a supplement to, not a replacement for, his initial complaint. He did not comply with Local Rule 103.6, which required the filing of "a copy of the amended pleading in which stricken material has been lined through or enclosed in brackets and new material has been underline or set forth in bold-faced type" alongside a clean copy of the amended complaint. More importantly, Lee's proposed amendments still fail to state a claim. Eckman, the director of Baltimore VAMC, and Coles, Modlin's supervisor at HUD-VASH, are non-law enforcement federal employees. ECF 43, at 1. Thus, the U.S. has not waived its sovereign immunity for claims arising from the intentional torts that Lee alleges they committed. 28 U.S.C. § 2680(h). And the new factual allegations do not cure any of the grounds for the dismissal of his claims. Regarding the discrimination claim, the new allegations do not contradict the Court's conclusion that the HUM's VA contract beds are a VA benefit. Nor do they cure the pleading flaws in the false imprisonment, false arrest, and malicious prosecution claims by suggesting that Davis acted without legal justification or with malice.

Lee's request for leave to amend is denied. Because Eckman and Coles are not defendants in this case, the amended motion to substitute the U.S. for them is denied as moot.

## VII.   Motion for Reconsideration

Lee moves for reconsideration of the Court's order denying his request for the appointment of counsel.[5]  He argues that "the legal jargon has become too complicated and confusing to continue litigating this complaint without the appointment of counsel." ECF 42, at 1.  He also identifies evidence that he believes will be necessary to prove his claims. *Id.* at 2–3.  Finally, he states that he found an attorney willing to take his case, but that the attorney was on vacation and had recommended Lee move for the appointment of counsel in the interim. *Id.* at 3.  Because the Court dismisses Lee's complaint, his motion for reconsideration of the denial of his request for counsel is denied as moot.

## VIII.   Conclusion

Lee does not allege viable federal claims.  The motion to dismiss is granted, and Lee's complaint is dismissed.

Date:  December 27th, 2022

_____
Deborah L. Boardman
United States District Judge

---

[5] Lee filed two substantively identical motions requesting reconsideration. *Compare* ECF 42 *with* ECF 50.  The Court's ruling applies to both motions.  Also, in both motions, Lee requests an extension of time to respond to the motion to dismiss.  That request is granted.  The Court has considered Lee's opposition.